BROWNING, J.
Upon the State’s concession of error, we vacate the excessive sentence on Count II and remand for the trial court to impose a sentence within the time limits allowed for a third-degree felony and to correct the sentence/probation orders accordingly. § 775.082(3)(d), Fla. Stat. (2002). The State charged Appellant with fleeing or attempting to elude a law-enforcement officer (Count I), a second-degree felony pursuant to section 316.1935(3), Florida Statutes (2002); felony DUI (Count II), a third-degree felony pursuant to section 316.193, Florida Statutes (2002); and misdemeanor driving without a valid driver’s license (Count III), a violation of section 322.03(1), Florida Statutes (2002). Appellant entered a “straight up” plea of nolo contendere to the three counts and stipulated to having five prior DUI convictions. The trial court orally adjudicated Appellant guilty of the three counts and sentenced him to concurrent terms of 15 years’ incarceration on Counts I and II, to be suspended on a day-to-day basis, with Appellant to spend 5 years in prison and 5 years on probation. However, the written judgment/sentence reflects concurrent terms of 20 years’ incarceration on the felony counts, with Appellant to serve 5 years in prison and 5 years on probation.
Appellant filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) contending that the written sentence should be made to conform to the orally pronounced sen *1102 tence; and that the maximum penalties for Counts I and II are 15 years and 5 years, respectively. § 775.082(3)(c) & (d), Fla. Stat. A successor judge corrected the sentence in Count I to 15 years but did not correct the Count II sentence or the corresponding probation form.
Accordingly, we VACATE the sentence in Count II and REMAND for the trial court to impose an appropriate sentence, to correct the probation order in Count II, and to provide for prior prison credit.
POLSTON and HAWKES, JJ., concur.